UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BRP CORPORATE SERVICES LLC, AS OWNER OF A 2016 27' SAILFISH, MODEL 275 DC, HIN # YSIC0099J516, FLORIDA VESSEL REGISTRATION NUMBER, FL 4080 TD, WITH TWIN 2015, MERCURY MARINE 150 HP OUTBOARDS, SERIAL # 2B204985 AND 2B210912, AND OTHER APPURTENANCES FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | CASE NO. |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

COMES NOW the Limitation Plaintiff, BRP CORPORATE SERVICES LLC, as Owner of the 2016 27' Sailfish, Model 275 DC, HIN # YSIC0099J516, Florida Vessel Registration Number, FL 4080 TD, equipped with twin 2015 Mercury Marine 150 HP outboard motors bearing serial numbers 2B204985 and 2B210912, and other appurtenances ("Limitation Vessel"), and files this Complaint for Exoneration From or Limitation of Liability ("Petition"), and states as follows:

**JURSIDICTION AND VENUE**

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of

Civil Procedure, as the Limitation Vessel has not been attached or arrested, no suit has been commenced against the Limitation Plaintiff, and the Limitation Vessel is located within this District.

## STATEMENT OF FACTS

3. At all times material hereto, Limitation Plaintiff, BRP CORPORATE SERVICES LLC, was and is the owner of the Limitation Vessel.

4. The Limitation Vessel is a 2016 27' Sailfish, Model 275 DC, HIN # YSIC0099J516, Florida Vessel Registration Number, FL 4080 TD, equipped with twin 2015, Mercury Marine 150 HP outboard motors bearing serial numbers 2B204985 and 2B210912, with other appurtenances.

5. At all material times hereto, the Limitation Vessel was seaworthy.

6. On or about September 14, 2024, the Limitation Plaintiff's Limitation Vessel was on the navigable waters of the United States of America at or near a sandbar at the southwest tip of Key Biscayne, Florida.

7. On or about September 14, 2024, Ms. Crysthel Lendoiro was a passenger on the Limitation Vessel. During the voyage, the Limitation Vessel anchored near a sandbar at the southwest tip of Key Biscayne, Florida. At one point during the day, Ms. Crysthel Lendoiro decided to get off the Limitation Vessel to join her friends and family on the sandbar. As such, she proceeded to the boarding ladder at the stern of the Limitation Vessel and as she descended the ladder into the water to step onto the sandbar, her thumb on her right hand entered the air intake vent on the outboard side of the port Mercury engine causing injury to her thumb ("Incident").

8. The Limitation Vessel had no pending freight at the time of the incident.

9. The Limitation Plaintiff received notice of a claim on December 13, 2024 and, as such, this Petition is timely.

- 3 -

## **CLAIM FOR EXONERATION OR LIMITATION OF LIABILITY**

10. The Limitation Plaintiff re-alleges and re-avers each of the allegations contained in paragraphs 1-9 above as if fully set forth herein.

11. At all material times prior to the Incident referenced above, the Limitation Vessel was as far as Limitation Plaintiff knew or reasonably should have known, seaworthy, properly maintained, manned, equipped, supplied and fit and safe for her intended purpose.

12. The incident referenced above was occasioned and incurred without the Limitation Plaintiff's privity or knowledge and without any negligence on the part of the Limitation Plaintiff.

13. The Limitation Plaintiff claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any property loss, property damage, or personal injury arising out of the aforementioned Incident.

14. All injuries and damages caused thereby or otherwise incurred were not due to any fault, negligence, or lack of due care on the part of the Limitation Plaintiff nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel. Instead, any injuries, losses, and damages incurred during or arising from the aforementioned Incident was due solely to and caused solely by the negligence of others for whom the Limitation Plaintiff was not and cannot be responsible.

15. The Limitation Plaintiff is ready and willing to surrender the Limitation Vessel or give a Limitation Fund with sufficient surety for the payment into the Court's registry of the amount of value of the Limitation Vessel, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime

Claims and by the rules and Practices of this Court and subject to such Order as the Court may direct.

WHEREFORE, Limitation Plaintiff, BRP CORPORATE SERVICES LLC, as Owner of the Limitation Vessel, prays that this Honorable Court:

a.  Order that due appraisement be made of the amount of the value of the Vessel and the Court issue an order approving any *ad interim* stipulation for value;

b.  Issue a public notice to all persons asserting claims, with respect to which the Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for the Limitation Plaintiff a copy thereof and an answer to this Complaint (unless the claim includes an answer so designated) on or before a date to be fixed by the Court;

c.  Issue a Monition and Injunction restraining and enjoining the prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions or proceedings of any nature or description in any jurisdiction against the Limitation Plaintiff as aforesaid or against the Limitation Vessel or against any other property of the Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during or by the incidents described above;

d.  Enter judgment in favor of the Limitation Plaintiff exonerating it from any loss, damage, injury, or liability for any claims in any way arising out of or resulting from the Incident described above;

e.  If the Limitation Plaintiff shall be judged liable and if it is found to have any interest remaining in the Limitation Vessel, limit it's liability to the value of such interest; and

- 5 -

      f.      Afford to the Limitation Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 7, 2025.

Respectfully submitted,

/s/ John Michael Pennekamp
John Michael Pennekamp
Fla. Bar No. 983454
LEAD COUNSEL
Email: jmp@fowler-white.com

Christine M. Walker
Fla. Bar No. 98166
Email: cwalker@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201