UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (Miami)

CIVIL DOCKET FOR CASE #: 1:25-cv-20577-CMA

IN THE MATTER OF THE COMPLAINT OF BRP CORPORATE SERVICES LLC, AS OWNER OF A 2016 27' SAILFISH, MODEL 275 DC, HIN # YSIC0099J516, FLORIDA VESSEL REGISTRATION NUMBER, FL 4080 TD, WITH TWIN 2015, MERCURY MARINE 150 HP OUTBOARDS, SERIAL # 2B204985 AND 2B210912, AND OTHER APPURTENANCES FOR EXONERATION FROM OR LIMITATION OF LIABILITY.

## CLAIMANT CRYSTHEL LENDOIRO ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW Claimant Crysthel Lendoiro by and through her undersigned counsel files her Answer and Affirmative defenses to Limitation Plaintiff's ("Petitioner") Complaint for exoneration from, or limitation of liability, and in support states as follows:

## ANSWER

1. ADMITTED that this court may exercise its admiralty and maritime jurisdiction over this matter pursuant to 28 U.S.C. 1333 and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. ADMITTED that this court may exercise its admiralty and maritime jurisdiction over this matter pursuant to 28 U.S.C. 1333 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure.

3. Without knowledge, and therefore strict proof is demanded.

4. Unknown therefore denied and strict proof therefore demanded.

5. DENIED

6. ADMITTED

7. ADMITTED

1:25-cv-20577-CMA

8. Unknown therefore denied and strict proof therefore is demanded.

9. ADMITTED

10. See answers to paragraphs1-9 above.

11. DENIED

12. DENIED

13. DENIED

14. DENIED

15. DENIED

<u>AFFIRMATIVE DEFENSES</u>

1. FIRST AFFIRMATIVE DEFENSE. Petitioner failed to comply with all threshold and notice requirements found in Supplemental Admiralty Rule F and, therefore, the complaint must be dismissed for failure to comply with the rules of court.

2. SECOND AFFIRMATIVE DEFENSE. Claimant contest petitioners claim to exoneration from and/or limitation of liability, on the grounds that, inter Alia, Petitioner, it's authorized manager Charles Patton and/or agents and/or captain were themselves negligent, and furthermore, had privity of knowledge of the event which caused Crysthel Lendoiro injuries.

3. THIRD AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because at all times material, petitioner and/or the authorized manager Charles Patton and/or the Captain was not properly trained, instructed, informed, or supervised while operating or attending to the limitation vessel on the date and at the time of the incident, and that they cannot avail themselves of the limitation of liability act because of the negligent conduct occurred with their privity and knowledge.

4. FOURTH AFFIRMATIVE DEFENSE. The accident described in the complaint occurred with the privity knowledge of the owner, it's authorized manager, agents, officers, managing directors, employees, and Captain among others because the petitioner and said persons knew among other things, that the vessel was not seaworthy, knew or should have known that the Owner and/or authorized manager its agents and/or officers and/or managing directors, and/or Captain was not qualified to operate the boat safely and to protect guest and invitees on the limitaion vessel in the face of known dangers. Therefore the vessel was unseaworthy at the inception of the voyage..

1:25-cv-20577-CMA

5. FIFTH AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because at all times material, the Petition was with privity or knowledge of any and all negligent conditions and/or defects, and/or unseaworthiness of the limitation vessel which caused or contributed to the claimant Crysthel Lendoiro injuries.

6. SIXTH AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because the incident happened and the losses, damages, or injuries, resulting there from were done, occasion, and incurred with the privity of knowledge of the Petitioner, and/or its authorized manager and/or agents and/or employees, and/or servants and/or apparent agents. At all times material, Petitioner could have and should have obtain the necessary information by reasonable inquiry or inspection.

7. SEVENTH AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because Petitioners negligence, and/or the negligence of it's authorized manager and/or agent was the proximate  cause of the injuries to the claimant Crysthel Lendoiro.

8. EIGHTH AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because the incident and and all damages, injuries, and losses, resulting from the incident caused or contributed to by the fault, Design, neglect, or want of due care by Petitioner and/or its authorized manager, and/or agents, and/or apparent agents.

9. NINTH AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because Petitioner by and through its authorized manager and/or its agents and/or officers and/or managing directors and/or apparent agents were negligent and/or grossly negligent, causing the incident and/or any and all damages, injuries, and losses resulting from the incident.

10. TENTH AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because the vessel was unseaworthy, unsafe, and unfit for intended use, causing the incident in question.

11. ELEVENTH AFFIRMATIVE DEFENSE. Petitioner is not entitled to exoneration or limitation of liability because Petitioner failed to comply with applicable navigation rules and regulations such that the Petitioner is responsible in whole or in part for the subject incident.

12. TWELFTH AFFIRMATIVE DEFENSE. Petitioner was jointly severally liable for the negligent act of persons or parties who are not entitled to exoneration and/or limitation of liability.

1:25-cv-20577-CMA

13. THIRTEENTH AFFIRMATIVE DEFENSE. Petitioner it's not entitled to exoneration or limitation of liability because it failed to exercise a high degree of control and supervision so as to avoid the incident in question.

14. FOURTEENTH AFFIRMATIVE DEFENSE. Pursuant to the " savings to suitors" clause 28 U.S.C. 1333, and all state law remedies, claimant in filing this Answer and Claim, reserves all rights to pursue all available claims in the forum of her choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court, and to have such claims and related damages tried to a jury. Prior to this Court entering an injunction on 3/11/2025 (EFC 13) the claimant filed suit on 2/26/25 in Miami-Dade County Circuit Court Case # 2025-003352-CA-01 against Petitioner and their authorized manager Charles Patton and Brunswick Corporation d/b/a Mercury Marine for Negligence and products liability damages arising from this accident. The filing of this answer and claim, in no way, constitutes a waiver of the rights and defenses, and Claimant does not, through this filing, agree to join all issues in this proceeding.

WHEREFORE claimant Crysthel Lendoiro respectfully request his court to enter judgment in her favor on the Petitioners complaint for exoneration from or limitation of liability, and that the court award the claimant any and all damage allowed by law or equity that this court deemed appropriate, including any and all attorney fees, and cost associated with this action, and that the court will find that the claimant reserves her right to a forum of her choosing in order to bring her damages before the trier of fact of her choice.

1:25-cv-20577-CMA

## <u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

I hear by certify that on 4/8/25, I filed a true and correct copy of the foregoing documents with the clerk of the court using the CM/ECF system. I also certified that the foregoing document is being served this day on all counsel of record by CM/ECF.

Respectfully submitted,

/s/ *William R. Jones, III*
 **LAW OFFICES OF WILLIAM R. JONES, III**
WILLIAM R. JONES, III, ESQ.
9100 S. Dadeland Blvd., Suite 1702
Miami, FL 33156
(305) 670-9004
(305) 670-0015 - fax
Fla. Bar No. 372293
For Electronic Service:
Randy@wrjoneslaw.com
***Counsel for the Plaintiff***