UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (Miami)

CIVIL DOCKET FOR CASE #: 1:25-cv-20577-CMA

IN THE MATTER OF THE COMPLAINT OF BRP CORPORATE SERVICES LLC, AS OWNER OF A 2016 27' SAILFISH, MODEL 275 DC, HIN # YSIC0099J516, FLORIDA VESSEL REGISTRATION NUMBER, FL 4080 TD, WITH TWIN 2015, MERCURY MARINE 150 HP OUTBOARDS, SERIAL # 2B204985 AND 2B210912, AND OTHER APPURTENANCES FOR EXONERATION FROM OR LIMITATION OF LIABILITY.

## CLAIMANT CRYSTHEL LENDOIRO VERIFIED RULE F(5) CLAIM PERTAINING TO PETITIONERS COMPLAINT FOR EXONERATION OR LIMITATION OF LIABILITY

Claimant Crysthel Lendoiro pursuant to Supplemental Rule F(5) of the Federal Rules of Civil Procedure, files this verified claim, and in Support states as follows:

### INTRODUCTION

This claim arises from an accident that occurred while claimant Crysthel Lendoiro was a guest aboard the vessel owned by BRP Corporate Services LLC ("Petitioner")which was a 2016 27' Sailfish, model 275 DC, HIN#YSIC 0099J516, Florida Vessel Registration Number, 4080 TD, equipped with twin 2015 Mercury Marine 150 HP outboard motors bearing serial numbers 2B204985 and 2B210912 and other appurtenances ("Limitation Vessel").

The Petitioner BRP Corporate Services, did give consent and permission to Charles Patton who is the authorized manager of BRP Corporate Services LLC to maintain, operate, control and captain the subject Limitation Vessel at the time of the accident which occurred while claimant was disembarking the back of Limitation Vessel to join family and friends on the sandbar and as she descended down ladder her right thumb entered the air intake vent on the outboard of the port mercury engine which was in very close proximity to her and her right thumb was traumatically amputated.

-1-

1:25-cv-20577-CMA

Because of the negligence of Petitioner by and through the operator/captain of the Limitation Vessel, Charles Patton, Petitioner caused or contributed to the traumatic accident of the thumb amputation because the Petitioner had knowledge of and privity of such negligence, and it is not entitled to exoneration or limitation in this action.

## PARTIES AND JURISDICTION

1. Claimant Crysthel Lendoiro was over the age of 18 and a resident of Miami-Dade County Florida.

2. Petitioner BRP Corporate Services LLC was and is a Florida limited liability company, and the owner of the subject limitation vessel herein described above and did give consent and permission to their authorized manager Charles Patton to maintain, operate, and captain the Limitation Vessel at time of the accident.

3. Petitioner has commenced this action by filing a complaint under the Limitation of Liability Act 46 U.S.C. 30501, et seq.(ECF No.1).

4. Under 28 U.S.C. 1333 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, this court has jurisdiction over Petitioner's complaint.

## COMMON FACTUAL ALLEGATIONS

5. On or about September 14, 2024 claimant Crysthel Lendoiro was an invited guest along with other family and friends on the Limitation Vessel which is a 27' open fishermen type vessel. The Limitation Vessel was being maintained, operated and captained by Charles Patton the authorized manager of the Limitation Vessel owner BRP Corporate Services LLC. During the voyage, the Limitation Vessel anchored near a sandbar at the southwest tip of Key Biscayne, Florida at one point during the day claimant Crysthel Lendoiro decided to get off the Limitation Vessel to join her friends and family on the sandbar. As such, she proceeded to board the ladder at the stern of the Limitation Vessel in close proximity to the port mercury engine, and as she descended the ladder into the water to step onto the sandbar, her thumb on her right hand enter the air intake vent on the outboard side of the port Mercury engine, causing her right thumb to be traumatically amputated.

## COUNT I

### Negligence of BRP Corporate Services LLC

6. Claimant incorporates and re-alleges paragraphs 1-5 above.

7. This is a count for negligence against BRP Corporate Services LLC who owned, operated, maintain and controlled the Limitation Vessel.

8. Petitioner owed a general duty to ensure that the Limitation Vessel was operated in reasonably safe manner and to make safe and/or warn of any condition on the Limitation Vessel that the Petitioner knew or should have known was an unreasonably dangerous condition which includes acting as a reasonably prudent vessel owner and operator; supervising maintaining and operating the Limitation Vessel in a safe and prudent manner; maintaining proper watch over the Limitation Vessel and surrounding conditions; ensuring that the Limitation Vessel was safe and operated with care given the surrounding circumstances and conditions.

9. Petitioner breached their duty of care by and through their authorized manager and/or agent and/or Captain in that they failed to properly instruct and/or warn and/or train the operator/captain of conditions on the limitation that were unreasonably dangerous to invitees and/or passengers on the Limitation Vessel.

10. Petitioner breached their duty of care, by and through its authorized manager and/or operator, and/or Captain, who was negligent in failing to warn and/or supervise, and/or prevent and/or protect and/or correct and/or inspect the unreasonably dangerous condition on the Limitation Vessel in which they knew or should've known that the air intake vent which is in extremely close proximity to the ladder in the stern of the boat that individuals would not be aware not to touch or use the motor covering to stabilize themselves and/or as a handhold, for which there hand or fingers could enter the air vents, which were extremely sharp and/or tapered edges which could cause severe lacerations and/or amputations. The Petitioner failed to take any and all reasonable precautions, which would include, but is not limited to warning unsuspecting guest such as claimant and/or assisting them and/or correcting conditions including a vent guard on the unreasonably dangerous condition. Further, the Petitioner failed to be informed of information and warning concerning the potential hazard of the air vents that was readily available upon search or inquiry.

11. Petitioners negligence proximately caused Crysthel Lendoiro injuries. But for Petitioners conduct, acts, and omissions, the accident to the Claimant could have been avoided entirely.

12. Accordingly, Petitioners conduct, act, and omissions are a contributory and proximate cause of the accident. Claimant thus contest Petitioners claim for exoneration or limitation of liability, on the grounds that, inter alia, Petitioner was negligent and, by and through its agents and/or

1:25-cv-20577-CMA

authorized managers, Charles Patton had privity with and knowledge of the negligence which caused Crysthel Lendoiro's injury.

13. As a result of this negligence, Claimant seeks any and all damages, including, but not limited to past, present and future inability to lead a normal life; mental anguish; medical expenses; loss of earning and earning capacity; pain and suffering; significant scarring.

## DEMAND FOR JURY TRIAL

Notwithstanding the exclusive jurisdiction of the Court to resolve an action brought under Limitation of Liability Act, Claimant demands a trial by jury as to any claims under "saving to suitors" clause, 28 U.S.C. 1333 (1), that may be brought in the forum of the Claimant's choosing.

WHEREFORE, Claimant demands judgment against Petitioner for such damages as the evidence supports, interest which accrues under general maritime law on economic and non-economic damages from the date of injury through the date of judgment, court cost, and any other relief the court deems is just or appropriate.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hear by certify that on 4/8/25, I filed and true incorrect copy of the foregoing documents with the clerk of the court using the CM/ECF system. I also certified that the foregoing document is being served this day on all counsel of record by CM/ECF.

## VERIFICATION OF CLAIM

COMES NOW Claimant Crysthel Lendorio being sworn, depos and states this is my F 5 claim.

X _[signature]_  4/8/25
Crysthel Lendorio        Date

_[signature]_
Notary Public, State of Florida at Large

CINDY ANN DOMINGUEZ
Notary Public - State of Florida
Commission # HH 585888
My Comm. Expires Aug 22, 2028
Bonded through National Notary Assn.

My Commission Expires:

1:25-cv-20577-CMA

Respectfully submitted,

/s/ *William R. Jones, III*
 **LAW OFFICES OF WILLIAM R. JONES, III**
WILLIAM R. JONES, III, ESQ.
9100 S. Dadeland Blvd., Suite 1702
Miami, FL 33156
(305) 670-9004
(305) 670-0015 - fax
Fla. Bar No. 372293
For Electronic Service:
Randy@wrjoneslaw.com
**Counsel for the Plaintiff**